| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>EASTERN DISTRICT OF NEW YORK | |
| MISS JONES LLC,<br><br>         Plaintiff,<br><br>vs.<br><br>ABDUL SHAHID, NEW YORK CITY ENVIRONMENTAL CONTROL BOARD<br><br>         Defendants. | Case No.:<br><br>**<u>COMPLAINT</u>** |

Plaintiff, Miss Jones LLC (hereinafter "Plaintiff"), alleges by and through its attorneys, Windels Marx Lane & Mittendorf, LLP, by way of its Complaint against the defendants as follows:

### **<u>NATURE OF THE ACTION</u>**

1. This is an action to foreclose a mortgage encumbering property located at Block 9950, Lot 44, on the Tax Map of the County of Queens, State of New York, more commonly known as 87-06 Dalny Road, Jamaica Estates, New York, and which is more particularly described and identified by the legal metes and bounds description of the land included and improvements thereon described in <u>Schedule A</u> annexed hereto and made a part hereof (the "Mortgaged Property" or "Property").

### **<u>THE PARTIES</u>**

2. Plaintiff is a limited liability company which maintains its principal place of business at 104 SE 8th Avenue, Fort Lauderdale, Florida 33301.

3. Plaintiff is the holder of the Note and Mortgage (defined below).

4. Defendant Abdul Shahid, having an address at 87-06 Dalny Road, Jamaica Estates, New York, is the obligor on the mortgage to be foreclosed (defined below) and the owner of the Mortgaged Property.

307980.009
{11297006:1}

5. Defendant New York City Environmental Control Board, having an address at 59-17 Junction Boulevard, Corona, New York, has an interest in the Mortgaged Property as a judgment creditor, as set forth is Schedule B.

6. Each of the above-named defendants (collectively "Defendants") have, claims to have, or may claim to have some interest in or lien upon the Mortgaged Property or some part thereof, and any such lien or interest is subject and subordinate to the lien of the Mortgage.

## JURISDICTION

7. Federal subject matter jurisdiction exists pursuant to 28 U.S.C. §1332 because there is complete diversity jurisdiction.

8. All named Defendants to this action are of diverse citizenship to Plaintiff:

   (A) Defendant Abdul Shahid is a domiciliary of the State of New York.

   (B) Defendant New York City Environmental Control Board is a domiciliary of the State of New York.

   (C) Plaintiff maintains its principal place of business in the State of Florida (see 28 U.S.C. § 1332(C)(1)).

9. The amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs (see 28 U.S.C. §1332), in that the amount in controversy herein is $199,277.60, the unpaid principal balance of the loan, exclusive of costs and interest thereon.

## VENUE

10. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) as a substantial part of the events and omissions giving rise to the claims in this action occurred in this District and the Mortgaged Property which is the subject matter of the action is wholly situate in this District.

## THE LOAN TRANSACTION

11. On or about November 2, 2005, defendant Abdul Shahid ("Mortgagor") executed and delivered to JPMorgan Chase Bank, N.A. ("JPMorgan"), its successors and/or assigns, a note ("Note") evidencing a loan made to Mortgagor in the principal amount of two hundred thousand dollars and zero cents ($200,000.00) with interest as provided therein.

12. On or about November 2, 2005, Mortgagor and JPMorgan duly executed and acknowledged a consolidation and modification agreement ("Consolidation Agreement"). The Consolidation Agreement was filed in the Office of the City Register of the City of New York ("City Register") on June 21, 2006 at City Register File No. ("CFRN") 2006000353261.

13. The Consolidation Agreement combined a Mortgage dated March 2, 2005 ("Mortgage No. 1") and recorded in the City Register on April 6, 2005 at CFRN 2005000196665 with a mortgage dated November 2, 2005 ("Mortgage No. 2") and recorded in the City Register on June 21, 2006 at CFRN 2006000353260 to form a single lien on the Mortgaged Property securing a principal of $200,000.00 (Mortgage No. 1 and Mortgage No. 2 and the Consolidation Agreement are referred to herein as the "Mortgage").

14. On August 5, 2010 JPMorgan assigned Mortgage No. 2 to Roundpoint Mortgage Servicing Corporation ("Assignment No. 1") and on August 26, 2013, Assignment No. 1 was duly recorded in the City Register at CFRN 201000339851.

15. On June 30, 2014 JPMorgan filed a corrective assignment ("Assignment No. 2") to assign the Mortgage, and on August 15, 2014, Assignment No. 2 was duly recorded in the City Register at CFRN 2104000272692.

16. On October 1, 2014, Roundpoint Mortgage Servicing Corporation assigned the

Mortgage to DBI/ASG Coinvestor Fund II, LLC ("Assignment No. 3") and on October 17, 2014, Assignment No. 3 was duly recorded in the City Register at CFRN 2014000346152.

17. On February 2, 2016, DBI/ASG Coinvestor Fund II, LLC assigned the Mortgage to DBI/ASG Mortgage Holdings, LLC ("Assignment No. 4") and on October 11, 2016, Assignment No. 4 was duly recorded in the City Register at CFRN 2016000355405.

18. On September 29, 2016, DBI/ASG Mortgage Holdings, LLC assigned the Mortgage to Plaintiff ("Assignment No. 5") and on October 11, 2016 Assignment No. 5 was duly recorded in the City Register at CFRN 2016000355406.

19. The Note was transferred to Plaintiff.

20. The Mortgage constitutes a valid and binding lien on the Mortgaged Property enforceable in accordance with its terms, with priority superior in right to that of any other named party.

21. To-date, Plaintiff remains the owner and holder of the Note and Mortgage.

## OTHER TERMS OF THE LOAN DOCUMENTS

22. The Note and Mortgage provide that if the Mortgagor fails to make a payment when due or otherwise meet the repayment terms, he will be in default.

23. The Note and Mortgage further provide that the holder of the Mortgage may accelerate the entire principal amount outstanding and accrued interest in the event the Mortgagor fails to pay the overdue amount.

24. The Paragraph of the Note titled "Termination and Acceleration" states that:

> "We can terminate your Credit Line Account and subject to any notice requirement or other limitation of applicable law require you to pay us the entire outstanding balance in one payment, and charge you certain fees, if any of the following happen: . . .
>
> You do not meet the repayment terms of this Credit

Agreement."

25. The paragraph 9 of the Mortgage titled "Lender's Rights Upon Default"" states that:

"If I am in default under this Security Instrument, this is what Lender may do, in addition to any other rights or remedies provided by law:

Accelerate Payment. Lender shall have the right at its option without notice to me to require that I pay immediately the entire amount then remaining unpaid under the Credit Agreement and under this Security Agreement, including any prepayment penalty which I would be required to pay. . .

Judicial Foreclosure. Lender may obtain a judicial decree foreclosing my interest in all or any part of the Property."

## DEFAULT AND NOTICES

26. On January 27, 2011, Mortgagor failed to comply with the terms and provisions of the Note and Mortgage by failing to make the payment due on that day comprising principal, interest and other sums required by the Note and Mortgage, and by failing to make all subsequent payments due thereafter.

27. On August 12, 2016, notices were sent to Mortgagor, notifying Mortgagor of his failure to make the payments and setting forth the amount due to cure the default.

28. On August 12, 2016, pursuant to the provisions of New York Real Property Actions and Proceedings Law (hereinafter "RPAPL") §1304, ninety (90) day pre-foreclosure notices were sent to Mortgagor.

29. Pursuant to the provisions of RPAPL §1306, Plaintiff timely filed a copy of the ninety (90) day pre-foreclosure notice with the New York State Department of Financial Services.

307980.009
{11297006:1}

30. The default alleged above constitutes Mortgagor's failure to keep the promises and agreements made in the Note and Mortgage, and have not been cured, notwithstanding the notification sent and filed.

31. Mortgagor's default continues through the date of this Complaint, unabated.

## ACCELERATION AND FORECLOSURE

32. Plaintiff therefore elects, and hereby elects, to declare the entire balance of the principal indebtedness and all interest and other charges due under said Note and Mortgage immediately due and payable.

33. As of August 12, 2016, there was due and owing to Plaintiff the unpaid principal sum of $199,277.60, plus interest thereon, together with accrued late charges and related expenses incurred in protecting Plaintiff's security in the amount as shall be computed by the Court, a Referee, or a Special Master.

34. Pursuant to the provisions set forth in the Note and Mortgage, Plaintiff also seeks recovery of all reasonable attorneys' fees incurred in connection with this foreclosure action.

35. During the pendency of this action, in order to protect its security, Plaintiff may be compelled to pay taxes, assessments, water rates, insurance premiums, and/or other charges affecting the Mortgaged Property, and Plaintiff requests that any sums so paid by it shall be added to the sum otherwise due herein, and be deemed secured by the Note and Mortgage and adjudged a valid lien upon the Mortgaged Property.

36. No other action has been commenced at law or otherwise that is still pending for recovery of the monies or any part thereof evidenced by the Note and secured by the Mortgage.

37. In the event Plaintiff possesses any other lien(s) against the Mortgaged Property,

either by way of judgment, junior mortgage or otherwise, Plaintiff requests that such other lien(s) shall not be merged in Plaintiff's claim(s) set forth in this Complaint, but that Plaintiff enforces said other lien(s) and/or seek determination of priority thereof in any independent action(s) or proceeding(s), including without limitation, any surplus money proceedings following a foreclosure sale in this matter.

38. Plaintiff requests that in the event that this action proceeds to judgment of foreclosure and sale, the Mortgaged Property be sold, subject to the following:

   a. Any state of facts that an inspection of the Mortgaged Property would disclose;
   b. The state of facts that surveys of the Mortgaged Property might disclose;
   c. Sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale;
   d. Covenants, reservations, restrictions, easements and public utility agreements of record, if any;
   e. Building and zoning ordinances of the municipalities in which the Mortgaged Property are located and possible violations of same;
   f. All rights of tenants or persons in possession of the Mortgaged Property other than tenants, if any, named as defendants in this action;
   g. Any equity of redemption of the United States of America, to redeem the Mortgaged Property or any part thereof after the date or sale; and
   h. Prior liens of record prior to the Mortgage, if any.

39. If it becomes necessary to protect the security and the lien of the Mortgage and its priority and the rights of a purchaser at the foreclosure sale, for Plaintiff to pay taxes, assessments, vault charges, water and sewer charges, plus interest and penalties thereon, that are or may become liens upon the Mortgaged Property (including purchase and/or redemption of liens and certificates sold at tax sales), taxes, and other charges that must be paid as a prerequisite to recording the referee's deed in foreclosure, premiums of insurance policies and other charges, costs of service, repairs, and maintenance incurred for protection of the security, then Plaintiff hereby demands that any monies that may so be expended shall be added to the amount evidenced and secured by the Mortgage, or any judgment of foreclosure and sale entered

307980.009
{11297006:1}

herein, together with interest thereon from the time of such payment and that the same be paid to Plaintiff from the proceeds of the foreclosure sale herein.

40.     Plaintiff shall not be deemed to have waived, altered, released or changed the election hereinbefore made, by reason of payment after the date of the commencement of this action, or by reason of any attempt to cure any or all of the defaults mentioned herein; such election shall continue and remain effective until the costs and disbursements of this action, and any and all present and future defaults under the Note and Mortgage, occurring prior to the discontinuance of this action, are fully paid and cured.

**WHEREFORE**, Plaintiff demands judgment that Defendants and all persons claiming under them subsequent to the commencement of this action and the filing of a notice of pendency thereof, may be forever barred and foreclosed of and from all estate, right, title, interest, claim, lien or equity of redemption of, in and to the Mortgaged Property and each and every part and parcel thereof; that the Mortgaged Property may be decreed to be sold in one parcel subject to the matters set forth herein, and that the monies arising from such sale may be brought into Court; that Plaintiff may be paid the amount due upon the said Note and Mortgage as hereinbefore set forth, with interest to the time of such payment, and the expenses of such sale, together with the costs, allowances and disbursements of this action, and together with any monies advanced and paid pursuant to any term or provision of the Note and Mortgage or to protect the lien of Plaintiff's Mortgage, with interest upon the said amounts from the dates of the respective payments and advances thereof, and Plaintiff's reasonable attorney's fees and costs, so far as the amount of such monies properly applicable thereto will pay the same, that defendant Abdul Shahid may be adjudged to pay any deficiency remaining after the application of such

monies as aforesaid, and that Plaintiff may have such other and further relief herein as may be just and proper.

Dated: New York, New York
February 7, 2017

**WINDELS MARX LANE & MITTENDORF, LLP**
*Attorneys for Plaintiff MISS JONES LLC*

By: _____
Andrew L. Jacobson, Esq.
156 West 56th Street
New York, New York 10019
(212) 237-1000

307980.009
{11297006:1}

# SCHEDULE A

### Block 9950 and Lot 44

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough of Queens, City of New York, known and designated as Lots Nos. 3 and 4 in Block 35 on a certain map entitled, "Map No. 6 of property of Jamaica Estates, Fourth Ward, Borough of Queens, City of New York, surveyed and drawn by Erlandsen & Crowell, C.E. and C.S." and filed as Map No. 4142 in the Office of the Clerk of the County of Queens on the 24th day of July, 1922, bounded and described as follows:

BEGINNING at a point on the Westerly side of Dalny Road, distant 40 feet Southerly from the corner formed by the intersection of the Westerly side of Dalny Road with the Southerly side of Wexford Terrace;

RUNNING THENCE Westerly parallel with the Southerly side of Wexford Terrace, 105 feet;

THENCE Southerly parallel with Dalny Road, 40 feet;

THENCE Easterly again parallel with Wexford Terrace, 105 feet to the Westerly side of Daining Road;

THENCE Northerly along the Westerly side of Dalny Road, 40 feet to the point or place of BEGINNING.

**Premises known as 87-06 Dalny Road, Jamaica Estates, New York**

**Schedule B**

## SCHEDULE B

| | |
|---|---|
| New York City Environmental Control Board | Holder of a possible judgment against Abdul Shahid (see below). |

ABDEL SHAHID ISSA M
4 DUNCAN COURT
JERSEY CITY, NY 07306
ECB Violation No.: 156848524    Date-01/09

Amt: $300.00
---
ABDEL SHAHID ISSA M
4 DUNCAN COURT
JERSEY CITY, NJ 07306
ECB Violation No.: 156848533    Date-01/09

Amt: $300.00
---
ABDEL SHAHID ISSA M
4 DUNCAN COURT
JERSEY CITY, NJ 07306
ECB Violation No.: 156848542    Date-01/09

Amt: $300.00
---
SHAHID ABDEL
160 VROOM ST
JERSEY CITY, NJ 07306
ECB Violation No.: 156472012    Date-04/09

Amt: $250.00
---
SHAHID ABDEL
160 VROOM STREET
JERSEY CITY, NJ 07306
ECB Violation No.: 170092331    Date-08/13

Amt: $250.00
---
ABDUL SHAHID
87-06 DALNY ROAD
JAMAICA ESTATES, NY
ECB Violation No.: 160362281    Date-07/08

Amt: $25.00
---
ABDUL SHAHID
455 TOMPKINS AVENUE
 11216
ECB Violation No.: 111305437    Date-01/10

Amt: $1,000.00
---
ABDUL SHAHID
455 TOMPKINS AVENUE
BROOKLYN, NY 11216
ECB Violation No.: 11368465M    Date-10/14

Amt: $1,000.00
--------------------------------------------------------------------
ABDUL SHAHID
455 TOMPKINS AVENUE
BROOKLYN, NY 11216
ECB Violation No.: 11412025Y    Date-06/15

Amt: $1,000.00
--------------------------------------------------------------------
ABDUL SHAHID ISSA M
4 DUNLAN COURT
JERSEY CITY, NY 07306
ECB Violation No.: 147185226    Date-01/09

Amt: $100.00
--------------------------------------------------------------------
SHAHID ABDUL
87-06 DALNY ROAD
JAMAICA, NY 11432
ECB Violation No.: 40828238Z    Date-12/13

Amt: $25.00
--------------------------------------------------------------------
SHAHID ABDUL
87-06 DALNY ROAD
JAMAICA, NY 11432
ECB Violation No.: 176177000    Date-12/13

Amt: $25.00
--------------------------------------------------------------------
SHAHID ABDUL
87-06 DALNY ROAD
JAMAICA, NY 11432
ECB Violation No.: 41205133H    Date-09/11

Amt: $300.00
--------------------------------------------------------------------
SHAHID ABDUL
87-06 DALNY ROAD
JAMAICA, NY 11432
ECB Violation No.: 174404075    Date-03/11

Amt: $300.00
--------------------------------------------------------------------
SHAHID ABDUL
455 TOMPKINS AVENUE
BROOKLYN, NY 11216
ECB Violation No.: 161054695    Date-04/09

Amt: $300.00
--------------------------------------------------------------------
ABDUS SHAHID
284 COOPER STREET
BROOKLYN, NY 11237

## NOTICE PURSUANT TO THE FAIR DEBT COLLECTIONS PRACTICES ACT, <u>15 U.S.C. SECTION 1692 AS AMENDED</u>

1. There is, as of August 12, 2016, due and owing pursuant to the promissory note and mortgage as modified, as described in the Complaint: the aggregate sum of $199,277.60 for unpaid principal balance, plus accrued unpaid interest, escrow/impound shortages or credits, late charges, legal fees/costs and miscellaneous charges and disbursements, which are not included in the above sum. Per Diem interest continues to accrue, in addition to other sums.

2. The Plaintiff is the creditor to whom the debt is owed.

3. The debt described in the Complaint attached hereto will be assumed to be valid by the Creditor's law firm, unless the debtor, within thirty (30) days after the receipt of this notice, disputes, in writing, the validity of the debt or some portion thereof.

4. If the Debtor notifies the Creditor's law firm in writing within thirty (30) days of the receipt of this notice that the debt or any portion thereof is disputed, the Creditor's law firm will obtain verification of the debt and a copy of the verification will be mailed to the Debtor by the Creditor's law firm.

5. If the Creditor that is named as the assignee (holder) of the Mortgage in the attached complaint is not the original creditor, and if the Debtor makes written request to the Creditor's law firm within thirty (30) days from the receipt of this notice, the name and address of the original creditor will be mailed to the Debtor by the Creditor's law firm.

6. Written request should be addressed to the attorney whose signature, name and address appear below.

7. This is an attempt to collect a debt, and any information obtained will be used for that purpose.

Dated: New York, New York
February 7, 2017

**WINDELS MARX LANE & MITTENDORF, LLP**
*Attorneys for Plaintiff MISS JONES LLC*

By: _____
Andrew L. Jacobson, Esq.
156 West 56th Street
New York, New York 10019
(212) 237-1000

307980.009
{11297006:1}