UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------X
MISS JONES, LLC                                              Docket No. **1:17-cv-00716-AMD-SMG**

                           Plaintiff,

-against-

ABDUL SHAHID, ENVIRONMENTAL CONTROL BOARD

                           Defendants.
--------------------------------------------------------X

## JUDGMENT OF FORECLOSURE AND SALE

On the Complaint duly filed in this action, the Notice of Pendency of Action filed with the Queens County Clerk, and all papers filed in and proceedings had thereon, from which it appears that each of the named defendants herein have been duly served with the Summons and Complaint in this action, or have voluntarily appeared personally or by their respective attorneys, or are not indispensable parties to this action, and stating that more than the legally required number of days had elapsed since said defendants were served and/or appeared; and that none of the defendants had served any answer to said Complaint, nor had their time to do so been extended; and that the Notice of Pendency containing all the particulars required to be stated therein was duly filed in the Office of the Clerk of the County of Suffolk and has not been amended to add new parties or to embrace real property not described in the Complaint,

And, on the reading and filing of the Motions for Summary Judgment filed by Plaintiff, Windward Bora, LLC, and Defendant, Abdul Shahid, *see* ECF Nos. 90, 93, Rule 56.1 Statements and exhibits,

**ORDERED**, that Plaintiff's motion for summary judgment is granted and Defendant's motion for summary judgment is denied; and it is further

**ORDERED,** that a default judgment is issued in favor of Plaintiff and against

defendant New York City Environmental Control Board; and it is further

**ORDERED, ADJUDGED AND DECREED** that Court-Appointed Referee Susan Rizos (the "Referee"), having an address of 390 Manor Road, Staten Island, New York 10314, Tel: (718) 777-5750 / Email: rizosesq@aol.com, be appointed to calculate the total amount owed to the Plaintiff, effectuate the sale, and disperse funds from such sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that the mortgaged premises, commonly known as 87-06 Dalny Road, Jamaica Estates, New York and identified on the Queens County Tax Map as Block: 9950 Lot: 44 and more particularly described in Schedule "A" annexed hereto (the "Premises") be sold, in one parcel, at public auction at the Kings County Supreme Court at a time selected by the Referee, by and under the direction of the Referee who is hereby appointed Referee for that purpose (hereinafter "Referee"), that the said Referee set the date of sale and give public notice of the time and place of such sale in accordance with New York Real Property Actions and Proceedings Law ("RPAPL") § 231; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee shall accept at such sale the highest bid offered by a bidder, who shall present government-issued photo identification to the Referee, and shall require that such successful bidder immediately pay to the Referee in cash or certified or bank check payable to such Referee, ten (10%) percent of the sum bid and shall execute Referee's Terms of Sale for the purchase of the Premises, unless such successful bidder is Plaintiff herein, in which case, no deposit against the purchase price shall be required; and it is further

**ORDERED, ADJUDGED AND DECREED** that in the event the first successful

bidder fails to immediately pay the ten percent deposit as provided herein or fails to execute the Terms of Sale immediately following the bidding upon the Premises, the Premises shall thereafter immediately, on the same day, be re-offered at auction; and it is further

**ORDERED, ADJUDGED AND DECREED** that the closing of title shall take place at the office of the Referee at or at such other location as the Referee shall determine within thirty (30) days, or by mail, unless otherwise stipulated by Plaintiff, the Referee, and the purchaser, time being of the essence; and it is further

**ORDERED, ADJUDGED AND DECREED** that the Referee deposit all funds received pursuant to this Judgment in his own name as Referee for the benefit of this action with the Clerk of this Court, which proceeds of sale may be withdrawn on her own order in connection with the closing of title pursuant to this Judgment; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee on receiving the proceeds of such sale shall forthwith pay therefrom:

FIRST: The statutory fees and commissions of said Referee, if any. In the event a scheduled sale is adjourned, cancelled, or postponed, Plaintiff shall compensate the Referee in the sum of $250.00 for each adjournment, cancellation, or postponement, unless the Referee has requested the adjournment, cancellation, or postponement, should the Referee be entitled to such compensation. Such compensation may be recouped from the proceeds of sale as a cost to Plaintiff. This Judgment shall constitute the necessary prior authorization for compensation as set forth herein.

SECOND: The expenses of the sale, including the cost of advertising as shown on the bills presented and certified by said Referee to be correct, copies of which shall be

annexed to the Report of Sale.

THIRD: [INTENTIONALLY DELETED] ~~Pursuant to RPAPL § 1354, in accordance with their priority according to law, taxes, assessments, sewer rents, water rates and any charges placed upon the Premises by a municipal agency which have priority over the foreclosed mortgage, which are liens on the Premises at the time of sale with such penalties which may have lawfully accrued thereon to the date of payment.~~

FOURTH: Said Referee shall then pay to Plaintiff or to Plaintiff's attorneys the sum of determined to be due by the Referee, the said amount so reported due as aforesaid, together with interest thereon from January 27, 2011 to the date of entry of this Judgment, and thereafter at the statutory post-judgment rate of 9% to the date of transfer of title, or so much thereof as the purchase money of the Premises will pay of the same, together with any advances as provided for in the instrument which Plaintiff may have made for taxes, insurance, principal and interest and any other charges due to prior mortgages or to inspect, repair, appraise and/or maintain the Premises pending the consummation of this foreclosure sale, not previously included in the computation and upon presentation to the Referee of receipts for said expenditures, all together with interest thereon pursuant to the Note and Mortgage, as above provided, and copies of such receipts shall be annexed to the Referee's Report of Sale pursuant to RPAPL § 1355; and it is further

**ORDERED, ADJUDGED AND DECREED** that the purchaser pay for all transfer taxes, unpaid taxes, assessments, sewer rents, water rates and any charges due upon the Premises, whether or not they are liens upon the Premises; and it is further

**ORDERED, ADJUDGED AND DECREED** that in case Plaintiff be the purchaser of said mortgaged Premises at said sale, said Referee shall not require Plaintiff or Plaintiff's assignee to pay in cash the entire amount bid at said sale, but shall execute and deliver only to Plaintiff or to Plaintiff's assignee a Deed of the Premises sold upon the payment to said Referee of the sum awarded to him or her under the above provisions marked "FIRST" and "SECOND" if such expenses were paid by the Referee, or in lieu of the payment of said last mentioned amounts, upon filing with said Referee receipts of the proper municipal authorities showing the payment thereof. The balance of the amount bid, after deducting therefrom the aforementioned payments for Referee for compensation and expenses, shall be allowed to Plaintiff and applied by said Referee upon the amounts due to Plaintiff as specified above in item marked "FOURTH". If upon so applying the balance of the amount bid, there shall be a surplus over and above the said amounts due to Plaintiff, then Plaintiff shall pay to said Referee, upon delivery to Plaintiff of said Referee's Deed, the amount of such surplus, which shall be applied by the Referee, upon motion made pursuant to RPAPL § 1351(3) and proof satisfactory to the Referee of the sums due thereon, to any subordinate mortgage duly recorded against the Premises, pursuant to RPAPL § 1345(3), which payment shall be reported in the Referee's Report of Sale. Any surplus remaining after all payments as herein provided shall be deposited into Court in accordance with RPAPL § 1345(4) and the Referee shall give notice of such surplus to the owner of the mortgaged Premises as identified by Plaintiff at the time of the sale; and it is further

**ORDERED, ADJUDGED AND DECREED** that said Referee take the receipt of Plaintiff or Plaintiff's attorney for the amounts paid as herein before directed in item

marked "FOURTH", and file it with his/her Report of Sale, that he/she deposit the surplus monies, if any, with the Clerk of this Court within five (5) days after the same shall be received unless such period be deemed extended by the filing of an application for additional compensation as set further herein, to the credit of this action, to be withdrawn only on the order of the Court, signed by a judge of the Court; that the said Referee make his/her Report of such Sale under oath showing the disposition of the proceeds of the sale and accompanied by the vouchers of the person to whom payments were made and file it with the Clerk of this Court within thirty (30) days after completing the sale and executing the proper conveyance to the purchaser, or within thirty days of the decision of the Court with respect to any application for additional compensation; and it is further

**ORDERED, ADJUDGED AND DECREED** that if the proceeds of such sale be insufficient to pay the amount reported due to Plaintiff with interest and costs as aforesaid, Plaintiff may recover of defendant Abdul Shahid the whole deficiency or so much thereof as the Court may determine to be just and equitable of the residue of the debt remaining unsatisfied after the sale of the mortgaged Premises and the application of proceeds thereof, provided a motion for deficiency judgment shall be made as prescribed by RPAPL § 1371 within ninety (90) days of the delivery of the Deed by the Referee, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

**ORDERED, ADJUDGED AND DECREED** that the purchaser or purchasers at such sale be let into possession of the Premises on production of the Referee's Deed or Deeds; and it is further

**ORDERED, ADJUDGED AND DECREED,** that each and all of the defendants in this action, and all persons claiming under any of them after the filing of such Notice of Pendency of this action, be and they are hereby forever barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged Premises and each of every part thereof; and it is further

**ORDERED, ADJUDGED AND DECREED,** that said Premises be sold in one parcel in "as is" physical order and condition on the day of sale, subject to:

- any state of facts that an inspection of the Premises would disclose;

- any state of facts that an accurate survey of the Premises would disclose;

- sums, if any, of real estate taxes, and assessments, water, sewer, and vault charges, with interest and penalties, including lien and certificate sales for delinquent items, unless paid from the proceeds of the foreclosure sale;

- covenants, reservations, restrictions, easements, declarations, rights of way and public utility agreements of record, if any;

- any building and zoning ordinances of the municipality in which the mortgaged Premises is located and any violations of same;

- any and all rights of tenants, or persons in possession of the Premises other than tenants, or any portion thereof;

- any equity of redemption of the United States of America to redeem the Premises or any portion thereof within one hundred twenty (120) days from date of sale; and

- prior lien(s) of record to the mortgage being foreclosed, if any, except those liens

addressed in RPAPL § 1354;

and it is further

**ORDERED,** that in the absence of the Referee, the Court may designate a Substitute Referee forthwith; and it is further

**ORDERED,** that a copy of this Judgment with Notice of Entry shall be served upon the designated Referee and the owner of the equity of redemption, Abdul Shahid, as of the date of filing of the Notice of Pendency.

**E N T E R :**

Honorable Ann M. Donnelly
United States District Judge